Zeng v. Bondi

BIA
Van Wyke, IJ
A087 652 199

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-six.

PRESENT:
> **DENNIS JACOBS,**
> **BETH ROBINSON,**
> **MARIA ARAÚJO KAHN,**
> > *Circuit Judges.*

_____

**JIA YOU ZENG,**
> *Petitioner,*

> **v.**                                                              **16-3208**
>                                                                      **NAC**

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**                Keith S. Barnett, Esq., New York, NY.

**FOR RESPONDENT:**           Brett A. Shumate, Assistant Attorney General; Edward E. Wiggers, Senior Litigation Counsel; A. Ashley Arthur, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jia You Zeng, a native and citizen of the People's Republic of China, seeks review of an August 18, 2016, decision of the BIA affirming an April 30, 2015, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia You Zeng,* No. A 087 652 199 (B.I.A. Aug. 18, 2016), *aff'g* No. A 087 652 199 (Immig. Ct. N.Y. City Apr. 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions, including those portions of the IJ's decision that the BIA did not explicitly discuss.[1] *See Yun-Zui*

---

[1] Contrary to Zeng's assertion, the BIA did not decline to rely on the grounds it did not discuss.

*Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). "We review *de novo* questions of law and the application of law to fact," and "[w]e review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei*

3

*Gao*, 891 F.3d at 76.  We must also assess whether the agency has provided "specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding." *Xiu Xia Lin*, 534 F.3d at 166; *accord Hong Fei Gao*, 891 F.3d at 77.

The agency provided specific and cogent reasons that bear a legitimate nexus to its adverse credibility finding, and substantial evidence supports the agency's conclusion that Zeng was not credible as to his claim that he was arrested and beaten for attending an underground Catholic church in China.

Zeng first argues that the testimony discussed by the BIA was reconcilable. But the agency reasonably found that conflicting testimony about the friend who introduced him to Christianity undermined Zeng's credibility.  Zeng and his wife—who was born in the same year and had attended the same school—both knew this friend from childhood.  While Zeng testified that he thought that the friend became a Christian in 2008 (shortly before introducing Zeng to the religion), his wife testified that she and other students knew about ten years earlier that the friend and his family were Christian.  Zeng now asserts that it is possible that he did not learn something that his wife and other classmates knew.  But the IJ was not required to find that plausible, given Zeng's relationship with his wife who

4

had long known of the friend's Christianity and in light of his testimony that they lived in a small village with a population of only one or two thousand people where other information spread throughout the community. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (deferring to an inference that "is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

Similarly, as the agency found, Zeng testified that he did not know where the leader of his church lived except that it was not in their village, but his wife testified that she learned where the leader lived from Zeng, and testified both that he lived in their village and not far from their village. Zeng argues here that it can be simultaneously true that the leader did not live in their village and that he lived in a nearby village. But he does not address the agency's reasoning that the record was inconsistent as to whether Zeng knew where the leader lived because his wife had more specific information that she said came from Zeng himself.

Zeng does not assert error in the IJ's other inconsistency findings, in the IJ's implausibility and demeanor findings, or in the finding that he did not rehabilitate his credibility with reliable corroboration. Any challenge to those findings has thus been abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We

5

consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Instead, Zeng argues that the BIA failed to consider the totality of the circumstances because it did not address all the IJ's findings. To the extent that he argues that the BIA affirmed the adverse credibility determination based only on the findings it discussed in detail, he misreads the BIA's decision, which did not reject any grounds given by the IJ. *See Yun-Zui Guan*, 432 F.3d at 394 (reviewing IJ's decision including grounds for adverse credibility determination not discussed by BIA). No further discussion of the remaining aspects of the IJ's reasoning was required under the circumstances. We do not require the agency to discuss all evidence in the record, but rather "presume that [it] has taken into account all of the evidence . . . unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). The record

does not suggest that the BIA ignored issues given that Zeng's sole challenge to the IJ's reasoning in his brief to the BIA was that it relied on testimony elicited by the IJ—i.e., he did not dispute that the IJ's inconsistency, demeanor, and plausibility findings would have been a sufficient basis for an adverse credibility determination if the testimony had been elicited by the parties.

Finally, Zeng renews his challenge to the IJ's questioning here, arguing that the IJ exhibited bias or otherwise erred by asking him and his wife about matters beyond the scope of counsel's questioning, in an apparent effort to elicit inconsistent testimony that could form the basis for an adverse credibility determination. "Unlike an Article III judge, an IJ is not merely the fact finder and adjudicator, but also has an obligation to establish and develop the record," and "[d]uring the course of developing a sound and useful record, an IJ must, when appropriate, question an applicant in order, for example, to probe inconsistencies and develop the relevant facts." *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006).

As the IJ observed, Zeng's initial testimony provided little information about events in China beyond what was in his written statement, which was less than two pages. When the applicant gives "spare testimony," the IJ may "fairly wonder whether the testimony is fabricated," and "may wish to probe for

incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296 (2d Cir. 2007).

Nor has Zeng established a due process violation. A due process violation can be found when the applicant "was denied a full and fair opportunity to present [his] claims or . . . the IJ or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted). But Zeng does not explain how the IJ's conduct deprived him of a fair opportunity to present his claim, particularly as his attorney was offered an opportunity to question him and his wife further after the IJ's questioning. And while we will remand "when an IJ's conduct results in the appearance of bias or hostility such that we cannot conduct a meaningful review of the decision below," *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quotation marks omitted), that is not the case here. As noted, it is appropriate for an IJ to ask questions intended to test credibility. *See Jin Shui Qiu*, 329 F.3d at 152. Zeng does not identify specific questions that reflect hostility or bias, and our review of the record does not suggest that the questioning as a whole was improper. *Cf. Ali*, 529 F.3d at 492

8

(remanding where IJ's "comments reflect[ed] an impermissible reliance on preconceived assumptions about homosexuality and homosexuals, as well as a disrespect for the petitioner"); *Islam*, 469 F.3d at 55 (remanding where IJ "repeatedly addressed [the petitioner] in an argumentative, sarcastic, impolite, and overly hostile manner that went beyond fact-finding and questioning").

In sum, there is no basis to disturb the demeanor, plausibility, and inconsistency findings, and those findings provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167 (even where the agency "relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential" (quotation marks omitted)).

The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief relied on the same facts, and Zeng does not dispute the agency's conclusion that, absent past persecution, he lacked a well-founded fear of future persecution based on his religious practice

9

in the United States.[2] *See Debique*, 58 F.4th at 684 (issues not argued are abandoned); *Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court

---

[2] It is therefore unnecessary to address the Government's argument that Zeng abandoned his CAT claim.

10